IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANNETTE FOLGUERAS, M.D.,

    Plaintiff,

    v.                                Civil Action Number:  3:24-cv-15

DUBOIS REGIONAL MEDICAL
CENTER, d/b/a/ PENN HIGHLANDS
DUBOIS, PENN HIGHLANDS
HEALTHCARE and PETER
BOOSALIS, M.D., individually,

    Defendants.

## COMPLAINT

AND NOW, comes the plaintiff, Annette Folgueras, M.D., by and through her undersigned attorney and files the following Complaint under the Pennsylvania Wage Payment and Collection Act, Title VII and the Pennsylvania Human Relations Act related to unpaid severance pay and termination from employment based upon gender and retaliation.

## Parties

1. The plaintiff, Annette Folgueras, M.D., is an adult individual, currently residing in Maryland.

2. The defendant, Dubois Regional Medial Center, is an employer as defined under the above laws with its principal place of business located at 100 Hospital Avenue, Dubois, Pennsylvania 15801. Dubois Regional Medical Center operates under a fictitious name known as Penn Highlands Dubois.

3. The defendant, Penn High Highlands Healthcare, is an employer within the meaning the above statutes, located at 100 Hospital Avenue, Dubois, Pennsylvania 15801.

1

4. Peter Boosalis, M.D., was the Medical Director of Anesthesiology at Penn Highlands Dubois, and is individually liable under the Pennsylvania Wage Payment and Collection Act and the Pennsylvania Human Relations Act. In this capacity, Dr. Boosalis played an active role in the decision-making of the anesthesiology department including the terms, condition and pay for Dr. Folgueras.

### Jurisdiction and Venue

5. This Court has jurisdiction over Dr. Folgueras' Complaint under 28 U.S.C. Section 1331 for claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* and the Pennsylvania Human Rights Act. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331, 1343(a)(4), 1367.

6. Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b) because the defendants reside within this district and a substantial part of the events giving rise to the claim occurred in this district.

7. The defendant is a covered employer within the meaning of Title VII and the PHRA because, among other things, they each employed the requisite number of employees during the relevant time period.

8. Dr. Folgueras was abruptly terminated at the defendant's headquarters in Dubois, Pennsylvania after making complaints of discrimination and following a meeting with human resources. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq*. and the PHRA for its discriminatory practices against her based on her gender, retaliation and failure to pay the one-year severance pay.

**Statement of Facts**

9. Annette Folgueras, M.D. began working for Defendants as an anesthesiologist under a *locum tenens* agreement in April of 2020. In this capacity, Dr. Folgueras worked for Penn Highlands Healthcare in St. Marys, Pennsylvania and Brookville, Pennsylvania.

10. In June of 2020, Dr. Folgueras received credentials to work in Dubois. As a hard-working and dependable employee, Dr. Folgueras continued to work throughout the Penn Highlands system including in St. Mary's, Brookville and Dubois through August of 2020.

11. In August of 2020, Dr. Folgueras was offered an employment contract concurrently with discussion with Dr. Klopotowski, a consultant physician for Penn Highlands Healthcare, about medical directorship position.

12. On September 3, 2020, Dr. Klopotowski submitted Dr. Folgueras's CV for the medical director position resulting in an interview.

13. On October 1, 2020, Dr. Folgueras began working as an employee of Penn Highlands Healthcare in Dubois, Pennsylvania.

14. In December of 2020, Dr. Folgueras learned that Dr. Boosalis was previously appointed as the medical director for the department of anesthesiology position without any announcement.

15. In this position, Dr. Boosalis was in charge of the anesthesiology department interviewing physician candidates, hiring and firing, and making the call and vacation schedules.

16. Dr. Linn told Dr. Folgueras that she was part of conversations that no woman is going to be medical director and that Dr. Folgueras was not part of the "good old boys' club".

17. Beginning in January of 2021, Dr. Folgueras noticed that she was ignored in meetings, call shifts were reassigned or taken away, and vacation time denied.

3

18. In response to regular work activities, Dr. Boosolis screamed at Dr. Folgueras and publicly humiliated her in from of co-workers such as Dr. Lomibao, Dr. Linn and Jennifer Geer. Dr. Boosolis directed his hostility toward Dr. Folgueras because she was an assertive female.

19. During the week of March 8, 2021, Dr. Folgueras made complaints to Dr. Russell Cameron, the Chief Medical Officer, describing Dr. Boosalis's behavior toward her. Dr. Cameron recommended contacting Amber in the human resources department.

20. The following week, a meeting was held and attended by Dr. Folgueras, Dr. Eduardo Lomibao, Dr. Constance Linn, Dr. Russell Cameron, Heather Francine, RN, and Amber Weis from the human resource department.

21. Dr. Folgueras, Dr. Linn and Dr. Lomibao made complaints about an escalating hostile work environment from Dr. Boosalis, including Dr. Boosalis taking aggressive behavior and language directed at Dr. Folgueras.

22. A follow-up meeting was scheduled for March 19, 2021, but the meeting was cancelled ten minutes before on the same day.

23. Dr. Folgueras emailed Dr. Cameron and Amber multiple times for the following month requesting when the follow-up meeting would be rescheduled. Neither Dr. Cameron nor Ms. Weis responded.

24. A follow-up meeting was never scheduled. Instead, Dr. Folgueras was called into a meeting on April 15, 2021 and told she was terminated.

25. This meeting was attended by Michelle Smith, Vice-President, and Megan Hanzely, who identified herself as an attorney. Ms. Smith informed Dr. Folgueras that she would receive a severance in the amount of one year's salary.

26. In November of 2021, Dr. Folgueras received a call from the benefits office to renew her elections during open enrollment for 2022.

27. On February 11, 2022, which corresponds to 302 days after her termination, Dr. Folgueras' severance pay was discontinued.

28. Defendants actively misled Dr. Folgueras from pursuing her rights by agreeing to pay her a severance equal to one year of salary. The timing of stopping payment two days after the 300-day period of time to file claims with the Equal Employment Opportunity Commission is highly suspect.

29. During the period of time while Dr. Folgueras was employed with Penn Highlands Healthcare, Defendants failed to post the required EEOC notices of fair employment practices including the pertinent provisions of Title VII.

30. Dr. Folgueras became aware in October of 2022 of a judgment that was filed in Clearfield County by Penn Highlands Healthcare seeking to recover her severance pay.

31. Dr. Folgueras contacted the Equal Employment Opportunity Commission on October 25, 2022. The EEOC filed a charge of discrimination dated May 24, 2023.

32. Dr. Folgueras first received the notice of right to sue on November 3, 2023 when she logged into the EEOC's portal.

33. Plaintiff has exhausted administrative procedures under Title VII and the Pennsylvania Human Relations Act.

**COUNT ONE: Wage Payment and Collection Law**
**(All Defendants)**

34. Plaintiff incorporates the allegations of Paragraphs 1 through 33 as if fully restated.

35. The Separation Pay set forth in Paragraph 25 and the denial of vacation pay set forth in Paragraph 17 constitute "wages" within the meaning of the Wage Payment and Collection Law ("WPCL"), 43 Pa. Stat. § 260.2a.

36. Defendants failed to pay the Separation Pay, in violation of 43 Pa. Stat. § 260.3(b).

37. Defendants failed to pay the vacation pay by the next regular payday, in violation of 43 Pa. Stat. §260.3(a).

38. Defendants' failure to pay Plaintiff's wages is not based on a good faith dispute as to Plaintiff's entitlement to wages.

39. Therefore, pursuant to 43 Pa. Stat. § 260.10, Plaintiff is also entitled to liquidated damages equal to 25% of the total amount of wages due.

WHEREFORE, Plaintiff demands judgment against Defendants and the following relief:

a. Damages for unpaid wages;

b. Liquidated damages equal to 25% of the total unpaid wages; and

c. Costs and attorneys' fees.

**Count II – Violation of Title VII and Pennsylvania Human Relations Act (PHRA)**
**(All Defendants under PHRA; Dubois Regional Medical Center, d/b/a/ Penn Highlands Dubois and Penn Highlands Healthcare under Title VII)**

40. All prior paragraphs are incorporated as though fully set forth herein.

41. The foregoing conduct violated Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act (PHRA).

42. Defendants violated Title VII and the PHRA by terminating Plaintiff and denying employment opportunities including the failure to hire Plaintiff as the medical director and instead selected when less similarly-qualified or less-qualified male employees and/or by promoting them with than similarly-qualified or less-qualified male employees.

43. Defendant's discriminatory practices described above have denied Plaintiff compensation to which she is entitled under her employment contract for three years, which has resulted in the loss of past and future wages and other job benefits.

44. Plaintiff seeks an award of general and compensatory damages, reinstatement or front pay, back pay, prejudgment interest.

45. Plaintiff is also entitled to punitive damages for the Defendant's malice and/or reckless disregard of Plaintiff's federally protected rights.

46. As a direct and proximate result of the Defendant's violation, Plaintiff will incur and continue to incur reasonable attorney's fees and costs.  Plaintiff requests that their attorney's fees be awarded pursuant to Title VII and the PHRA.

47. Plaintiff has exhausted administrative procedures as evidence by the issuance of a Right to Sue letter from the Equal Employment Opportunity Commission.

**Count III:  Retaliation -Violation of Title VII and
Pennsylvania Human Relations Act (PHRA)
(All Defendants under PHRA; Dubois Regional Medical Center, d/b/a/ Penn Highlands
Dubois and Penn Highlands Healthcare under Title VII)**

48. Dr. Folgueras incorporates by reference all the above allegations set forth in this Complaint.

49. Dr. Folgueras made informal and formal complaints of discrimination and hostile work environment based upon sex to both her chief medical officer, consultant physician, and to human resources.

50. Defendants failed to investigate her good-faith complaints of discrimination and instead terminated her employment the following month.

7

51. A causal connection exists between the protected activity, complaining to her medical director and human resources, and her termination based upon temporal proximity and inconsistent reasons for her termination.

52. The PHRA provides for aiding and abetting liability at Section 955(e), which states that it is an unlawful discriminatory practice:

> (e) For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any action declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued there under, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

53. Peter Boosalis, M.D., was the Medical Director of Anesthesiology, who aided and abetted in the termination of Plaintiff's employment and interference with payment of the severance pay.

**PRAYER FOR RELIEF**

WHEREFORE, Dr. Folgueras demands: (1) judgment against defendants in an amount to make her whole for all damages suffered by her as a result of defendant's violation of the Pennsylvania Wage Payment and Collection Law, Title VII and the PHRA, including but not limited to damages for severance pay, back pay and benefits, front pay, vacation pay, COBRA payments, bonus pay, offset for tax consequences, liquidated damages, compensatory and punitive damages and all other damages recoverable under Title VII, PHRA and the Wage Payment and Collection Law, plus prejudgment and other interest; (2) that this Court award Dr. Folgueras expert witness fees, attorneys' fees and the cost of bringing this action and, (3) that this Court grant her all other relief that she is entitled to under law and equity.

**A JURY TRIAL IS DEMANDED.**

Dated: January 31, 2024.

Respectfully submitted,

PAUL LAW OFFICES, PLLC
/s/ Gregory G. Paul
GREGORY G. PAUL, ESQUIRE
PA Id Number: 83334
960 Penn Avenue, Suite 1001
Pittsburgh, PA 15222
(412) 259-8375
(888) 822-9421 (facsimile)
gregpaul@paullaw.com