IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNETTE FOLGUERAS, M.D., | ) |
| Plaintiff, | ) Civil Action No. 3:24-cv-0015 |
| v. | ) Magistrate Judge Patricia L. Dodge |
| DUBOIS REGIONAL MEDICAL CENTER d/b/a PENN HIGHLANDS DUBOIS; PENN HIGHLANDS HEALTHCARE; and PETER BOOSALIS, M.D., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**[1]

Plaintiff Annette Folgueras, M.D. ("Dr. Folgueras") brings this civil action against her former employers Dubois Regional Medical Center d/b/a Penn Highlands Dubois ("PH Dubois"), Penn Highlands Healthcare, and Peter Boosalis, M.D. (collectively "Defendants"). Dr. Folgueras was previously employed by Penn Highlands Healthcare ("PHH"). She alleges sex discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-63 (PHRA), and asserts a related claim under Pennsylvania's Wage Payment and Collection Law, 43 P.S. §§ 260.1 to 260.10 (WPCL).

Pending before the Court is Defendants' Motion for Partial Summary Judgment. (ECF No. 50.) For the following reasons, the motion will be granted.

---

[1] This case was originally assigned to the Hon. Kim R. Gibson. (ECF No. 37.) In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct all proceedings in this case. The undersigned therefore has the authority to decide dispositive motions and enter final judgment.

I.  **Relevant Procedural History**

Dr. Folgueras commenced this action in January 2024. The Court's subject matter jurisdiction is based on the federal civil rights claims, 28 U.S.C. §§ 1331, 1343(a)(4), and supplemental jurisdiction is asserted over the related state-law claim, 28 U.S.C. § 1367.

The Complaint (ECF No. 1) includes three counts. Count I alleges that Defendants violated the WPCL by denying Dr. Folgueras' vacation pay and failing to pay her severance. In Count II, Dr. Folgueras alleges that Defendants violated Title VII and the PHRA by discriminating against her on the basis of sex in terminating her employment without cause and denying her employment opportunities in favor of promoting less-qualified male employees. Count III alleges that Dr. Folgueras was terminated as retaliation for lodging informal and formal complaints of discrimination and hostile work environment.[2]

In May 2024, Defendants moved to dismiss, or in the alternative, a motion for summary judgment, seeking dismissal of Counts II and III. (ECF Nos. 6, 7.) The motion was subsequently refiled as the present motion for partial summary judgment.[3] (ECF No. 50.) The motion has now been fully briefed (ECF Nos. 52, 53, 55, 56, 58, 59), and is ready for disposition.

II.  **Relevant Factual Background**[4]

Dr. Folgueras began working as an anesthesiologist at PHH on October 1, 2020. (ECF Nos. 52 ¶ 1; 56 ¶ 1.) Defendants maintain that the then-vice president of PHH's Physician Network personally delivered to Dr. Folgueras a letter dated April 15, 2021. The letter provided Dr.

---

[2] The PHRA claims are asserted against all Defendants. The claims brought under Title VII are only asserted against Defendants PH Dubois and PHH. *See* ECF No. 1 ¶¶ 40-53.

[3] The Court permitted the parties to incorporate the prior filings by reference. *See* ECF No. 42.

[4] Dr. Folgueras' specific allegations of discrimination are not relevant to disposition of this motion and are therefore not discussed herein. The Court offers no opinion on the merit of these allegations.

Folgueras 90-days advance notice of PHH's decision to terminate her employment, as required by the terms of her employment contract.[5] While the letter discusses repayment of Dr. Folgueras' initial signing bonus, it makes no mention or offer of severance pay. (ECF No. 20-1 at 56.)

Dr. Folgueras denies ever receiving the letter and instead contends that she was verbally promised one-year severance. She offers her own declaration as support. (ECF No. 52-1 ¶¶ 1-2.) While the circumstances are contested, it is undisputed that Dr. Folgueras did not work for Defendants after April 16, 2021.

Dr. Folgueras submitted an initial inquiry to the Equal Employment Opportunity Commission ("EEOC") on October 24, 2022 (the "Initial Inquiry"). (ECF No. 52-2.) The Initial Inquiry lists "Penn Highlands DuBois" as the employer and describes the "Adverse Action(s)" as:

> Filed a human resources complaint again [sic] the medical director of the department of anesthesia at Penn Highlands Dubois hospital in Dubois, PA. [sic] for hostile work environment. Two other anesthesiologists attended the meeting because they were joining the complaint, having witnessed multiple incidents of egregious behavior. 3 weeks later I was terminated without cause and given a year severance. I received my salary biweekly until 2/25/22, when PHH did not direct-deposit my salary as agreed to. Today, I received notice that PHH obtained a judgment against me for 8 months of pay they state they 'overpaid me [sic].

(*Id.* at 2.) The Initial Inquiry further states the "**APPROXIMATE DEADLINE FOR FILING A CHARGE**" as December 18, 2022. (*Id.*) (emphasis in original).

An EEOC Intake Specialist sent Dr. Folgueras a follow-up email the next day confirming receipt of the Initial Inquiry. The email states, in relevant part: "In order for a Charge of Discrimination to be timely filed, it must be filed within 300 days of the alleged discrimination. The inquiry you submitted does not constitute a charge of discrimination. Based upon the

---

[5] A copy of the letter was previously filed in conjunction with Defendants' prior motion. *See* ECF No. 20-1 at 56. Defendants incorporate this prior filing by reference per the Court's Order at ECF No. 42.

3

information you provided, your 300 days expires in December, 2022." (ECF No. 20-1 at 21.) The Intake Specialist further advised that because of a backlog, Dr. Folgueras would not be able to secure an appointment until after the December 2022 deadline had passed:

> Because we do not have any available appointments prior to the deadline, attached is an EEOC Form 5A (Charge of Discrimination), a Form 290 A (Pre-Charge Inquiry Form) and a Form 5A instruction sheet. In order to ensure you meet the 300 day time frame and should you wish to proceed with a Charge of Discrimination, you need to complete the Pre-Charge Inquiry Form and the Charge of Discrimination and return them (do not return the instruction sheet) to me as soon as possible. The forms need to be printed and then completed; a written signature is required on the Form 5A.

(*Id.*)

Dr. Folgueras filed a charge of discrimination on May 24, 2023 (the "Charge of Discrimination"). (*Id.* at 22.) She amended her charge on May 31, 2023 (the "Amended Charge of Discrimination"). (*Id.* at 12-13.) The Amended Charge of Discrimination states that Dr. Folgueras was terminated without cause on April 16, 2021 and given a year severance. She received biweekly salary deposits into her account until February 25, 2022. She received notice of a judgment against her for eight months of wage overpayment in July 2022. On October 24, 2022, she received a letter from an attorney attempting to collect payment for eight months of salary, thus prompting her to submit the initial EEOC inquiry. (*Id.* at 12.) The EEOC ultimately closed its inquiry after determining that Dr. Folgueras' Charge of Discrimination was untimely. (*Id.* at 67.)

### III.     Legal Standard

The Federal Rules of Civil Procedure provide that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In following this directive, a court must take the facts in the light most favorable to the non-moving party and must draw all reasonable inferences and resolve all doubts in that party's favor. *Hugh v. Butler Cty. Fam. YMCA*, 418 F.3d 265, 267 (3d Cir. 2005); *Doe v. Cty. of Centre, Pa.*, 242 F.3d 437, 446 (3d Cir. 2001).

## IV. Discussion

Defendants argue primarily that the claims set forth in Counts II and III are time-barred because Dr. Folgueras failed to exhaust administrative remedies.

The Third Circuit has long held that a plaintiff must exhaust all administrative remedies before bringing a claim under Title VII. *See, e.g.*, *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) ("It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief."). Under Title VII, a plaintiff must first file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice:

> To bring a claim under Title VII, a plaintiff must file a charge of discrimination with the EEOC and procure a notice of the right to sue. *See* [*Robinson*, 107 F.3d] at 1020-21. The same is required to bring a claim under the PHRA. *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) ("Claims under the PHRA

5

> are interpreted coextensively with Title VII claims."). "[T]he parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, including new acts which occurred during the pendency of proceedings before the [EEOC]." *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1976) (citations omitted). A plaintiff's claim must thus fall "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996).

*Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013). Thus, to seek relief in the district court, Dr. Folgueras must have first filed an administrative complaint with the EEOC within 300 days of the alleged unlawful employment practice.[6]

### A.     Equitable Tolling of Administrative Exhaustion

Dr. Folgueras argues that the Court should apply the doctrine of equitable tolling. "Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999). Equitable tolling is traditionally reserved for limited circumstances, such as: (1) where a defendant has actively misled the plaintiff; (2) where the plaintiff "in some extraordinary way has been prevented from asserting his or her rights"; or (3) where the plaintiff has timely asserted their rights "mistakenly in the wrong forum." *Hedges v. U.S.*, 404 F.3d 744, 751 (3d Cir. 2005) (citing *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997)).

Dr. Folgueras first argues that equitable tolling applies here because Defendants actively misled her by continuing to deposit biweekly payments for 302 days following her termination.

---

[6] The PHRA requires the plaintiff file a charge with the Pennsylvania Human Relations Commission ("PHRC") within 180 days. In a state like Pennsylvania that has its own agency to investigate employment discrimination—i.e., "deferral states"—the filing deadline is extended from 180- to 300-days for most claims. *See* 42 U.S.C. § 2000e-5(e)(1); *Mandel*, 706 F.3d at 165; *Callowhill v. Allen-Sherman-Hoff Co.*, 832 F.2d 269, 271 (3d Cir. 1987).

While the nature of the payments into Dr. Folgueras' account remains contested, the parties nevertheless agree that the last payment occurred on February 25, 2022. As discussed above, Dr. Folgueras submitted her Initial Inquiry to the EEOC on October 24, 2022. Viewing the record in the light most favorable to Dr. Folgueras as the nonmoving party, the stoppage of payment on February 25, 2022 would be the latest alleged unlawful employment action, thus serving as the trigger for the 300-day window in which Dr. Folgueras was required to timely file her charge.[7] But the Charge of Discrimination was not filed until May 24, 2023, 453 days after the last unlawful employment action. The record does not reflect that Defendants took any action during this time that would have misled Dr. Folgueras into thinking that she could not timely file a charge.

Next, Dr. Folgueras argues Defendants misled her by failing to inform her of their sexual harassment policy and her associated rights during the course of her employment. In her declaration, she states that Defendants failed to post required notices informing employees of their rights to sue in "the anesthetists' office, operating rooms located on the fourth floor, or women's locker room." (ECF No. 52-1 at 1.)

Defendants respond that the required notices were continuously displayed in "prominent and accessible places" throughout the course of Dr. Folgueras' employment. (ECF No. 7-2 ¶¶ 5-6.) According to their head of human resources, these locations include: "(1) on the second floor of Defendant Penn Highland Dubois' hospital in Dubois, Pennsylvania outside of nursing administration; (2) in Defendant Penn Highlands Dubois administration building just outside the human resources department, where Dr. Folgueras came to complete her new hire paperwork; and (3) in all of Defendant Penn Highlands' clinics." (*Id.* ¶ 7.)

---

[7] The Court nevertheless notes that Defendants dispute the existence of an obligation to pay severance payments.

Employers, including Defendants, are required to "post and keep posted in conspicuous places upon its premises notices in an accessible format, to be prepared or approved by the Commission, describing the applicable provisions of title VII, the ADA, GINA, and the PWFA. Such notice must be posted in prominent and accessible places where notices to employees, applicants and members are customarily maintained." 29 C.F.R. § 1601.30(a).

The Third Circuit has held that an employer's failure to post the required notices supports tolling the running of the 300-day limitation period "at least until such time as the aggrieved person seeks out an attorney or acquires actual notice of [their] rights[.]" *Callowhill*, 832 F.2d at 271 (citing *Bonham v. Dresser Indus., Inc.*, 569 F.2d 187, 193 (3d Cir. 1977), *cert. denied*, 439 U.S. 821, 58 L. Ed. 2d 113, 99 S. Ct. 87 (1978)). While Dr. Folgueras maintains that she did not see any of the notices because they were not posted in her immediate work area, she does not dispute that the notices were posted in the other locations offered by Defendants. Nor does she dispute that the posted notices or the chosen locations met the statutory requirement. *See* ECF No. 52-1 ¶¶ 5-6. Dr. Folgueras' failure to observe EEOC notices that were properly displayed by Defendants is therefore an insufficient basis to support equitable tolling.

Finally, Dr. Folgueras asserts that the EEOC's backlog of appointment availability impeded timely filing of her administrative complaint. In the EEOC's October 25, 2022 follow-up email, however, the Intake Specialist explicitly advised Dr. Folgueras that a charge of discrimination must be filed within 300 days to be timely and that, based on the information provided, her 300 days would expire in December 2022. The Intake Specialist provided detailed instructions on how the forms should be completed, where to find examples, and where/how to submit the completed forms. The email also expressly states, "If we do not receive a response to this email with the completed documents, we will assume you have changed your mind about

8

proceeding with our agency. No further follow-up or action will be taken by the EEOC." (ECF No. 20-1 at 21.) Thus, Dr. Folgueras' contention that she was misled by the EEOC and the backlog of appointments is unavailing.

Finally, Dr. Folgueras argues that her Initial Inquiry meets the requirements of 29 C.F.R. § 1601.12(a) such that her May 2023 Amended Charge of Discrimination should "relate back" to the date it was originally filed. She asserts that the Initial Inquiry provided "sufficiently precise" information to identify the parties and to describe generally the action or practices complained of. As such, she argues that the Charge of Discrimination should relate back to October 24, 2022, placing her within the 300-day period after the last allegedly unlawful employment action taken by Defendants. *See* ECF No. 53 at 5-7.

An initial EEOC inquiry may qualify as a charge, thereby tolling the statute of limitations, only if it (1) meets the requirements of 29 C.F.R. § 1601.12(a) and (2) can reasonably be construed as a request that the EEOC to take remedial action. As explained by the U.S. Supreme Court in *Fed. Express Corp. v. Holowecki*:

> In addition to the information required by the regulations, *i.e.*, an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.

552 U.S. 389, 402 (2008). In the wake of *Holowecki*, the EEOC revised its Intake Questionnaire to include "Box 2," which allowed individuals to check a box that stated:

> I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name.

9

*Hildebrand v. Allegheny County*, 757 F.3d 99, 113 (3d Cir. 2014). The Third Circuit subsequently held that "an employee who completes the Intake Questionnaire and checks Box 2 unquestionably files a charge of discrimination." *Id.*

Here, Dr. Folgueras' Initial Inquiry does not contain a "Box 2." The Initial Inquiry does, however, state an "**APPROXIMATE DEADLINE FOR FILING A CHARGE**," and has other headings such as "**POTENTIAL CHARGING PARTY**," "**POTENTIAL CHARGING PARTY'S DEMOGRAPHICS**," and "**LOCATION OF POTENTIAL CHARGING PARTY'S EMPLOYMENT**." (ECF No. 52-2) (emphasis in original). *See Brooks v. Harrisburg Area Cmty. Coll.*, 2025 WL 1367178, at *3 n.4 (3d Cir. May 12, 2025) (declining to construe inquiry form as charge partially because "The headings on the form that [plaintiff] submitted say 'potential charging party,' not charging party. [] And the interview notes are similarly bereft of any request from [plaintiff] for Commission action.").

Additionally, as discussed above, correspondence from the EEOC following Dr. Folgueras' submission clearly and unambiguously states that the Initial Inquiry does not constitute a charge of discrimination and advises that a formal charge must be filed within 300 days. The Initial Inquiry in this case therefore cannot be reasonably construed as a charge and is insufficient to toll the statute of limitations.

Even when viewed in the light most favorable to Dr. Folgueras as the nonmoving party, the record contains no evidence that she was misled, prevented, or dissuaded from filing a charge with the EEOC in the required 300-day period. As Dr. Folgueras has failed to carry her burden of

establishing a genuine issue of fact such that a reasonable jury could find in her favor, Defendants are entitled to judgment in their favor as to Counts II and III as a matter of law.[8]

B.     **Count I – WPCL claim**

Count I asserts a claim under Pennsylvania's WPCL. In light of the dismissal of both of Dr. Folgueras' federal claims, the Court must determine whether to exercise continued jurisdiction over this state-law claim.

The supplemental jurisdiction statute provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

The WPCL claim in Count I arises out of the same circumstances and is so related to the federal claims asserted in Counts II and III that it forms part of the same case or controversy. *See Lyon v. Whisman*, 45 F.3d 758, 761 (3d Cir. 1995). Subsection (c) of the supplemental jurisdiction statute, 28 U.S.C. § 1367(c), provides, however, that a district court may, in its discretion, decline to exercise jurisdiction if any of four conditions are met. One of these conditions is if "the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). The Third Circuit has stated that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough*

---

[8] Defendants also argue that Defendant Peter Boosalis, M.D. did not receive proper notice of a charge of discrimination. However, because the Court concludes that dismissal of Counts II and III is proper based on other grounds, there is no need to reach this argument.

11

*of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). This case is at an early stage and there are no significant circumstances of judicial economy, convenience, or fairness that suggest a justification for retaining jurisdiction over Dr. Folgueras' WPCL claim. Therefore, Count I will be dismissed without prejudice pursuant to § 1367(c)(3).

## V. Conclusion

For these reasons, Defendants' Motion for Partial Summary Judgment (ECF No. 50) will be granted with respect to Counts II and III. The Court further declines to exercise supplemental jurisdiction over the sole remaining state-law claim asserted in Count I.

Appropriate orders will follow.

December 22, 2025                             BY THE COURT:


                                                   /s/ Patricia L. Dodge
                                                   PATRICIA L. DODGE
                                                   UNITED STATES MAGISTRATE JUDGE